**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:26-CV-84-JHM**

**LAWAUN MONTEZ COLVIN** **PLAINTIFF**

**v.**

**K.S.P., *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Lawaun Montez Colvin, a convicted prisoner, initiated this action asserting claims against Defendants Kentucky State Penitentiary ("KSP") and Lt. Justin D. Horne in his individual and official capacities. [DN 1].

Plaintiff alleges that on November 16, 2025, he was subjected to a strip search by Defendant Horne. Plaintiff asserts that he repeatedly bent over at the waist, spread his buttocks, and was told by Defendant Horne that he did not do it properly. According to Plaintiff, Defendant Horne requested the hand-held camera and then again asked Plaintiff to bend over at the waist and spread his buttocks. Plaintiff represents that Defendant Horne indicated that it was sufficient, but once Plaintiff stood and faced him, Defendant Horne requested Plaintiff to do it again. Plaintiff states that he refused, and Defendant Horne pepper sprayed him in the face, torso, and genitals. Plaintiff alleges that this conduct constituted excessive force in violation of the Eighth Amendment.

Plaintiff claims that his hands were then cuffed, and Defendant Horne instructed him to get in a "kneeling compliance position." Plaintiff represents that he asked Defendant Horne why because there was pepper spray on the floor and because he has bad and bruised knees. Defendant Horne yelled at Plaintiff to comply, and he did so. Defendant Horne then placed the leg restraints on him. Plaintiff alleges that as he attempted to stand up, Defendant Horne threatened to pepper spray him again and made him remain in the kneeling compliance position for thirty minutes with the pepper spray on the floor and his body. Plaintiff alleges that this conduct subjected him to cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff also complains that the KSP violated his privacy rights when it permitted a female officer to investigate the situation, including viewing the hand-held camera footage.

As relief, Plaintiff seeks damages and "release from prison."

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *A. Official-Capacity Claim and Claim against KSP*

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, like KSP, and state officials sued in their official capacities for monetary damages are

not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Claims brought against state agencies and state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. Therefore, the official-capacity claim against Defendant Horne, as an employee of the Commonwealth of Kentucky, and the claim against KSP, as an agency of the Commonwealth of Kentucky, must be dismissed for failure to state a claim upon which relief may be granted. Moreover, state agencies and state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

Similarly, Plaintiff's official-capacity claim for injunctive relief against Defendant Horne is likewise dismissed. Plaintiff seeks release from prison. This request will be dismissed since it is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). Thus, Plaintiff's claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

***B. Individual-Capacity Claims***

Upon consideration, <u>the Court will allow Plaintiff's Eighth Amendment claims for excessive force and cruel and unusual punishment to proceed against Defendant Horne in his individual capacity for damages</u>.[1]

---

[1] Plaintiff's claims for injunctive relief against Defendant in his individual capacity must be dismissed for the reasons stated above.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1. Plaintiff's Eighth Amendment claims are allowed to proceed against Defendant Horne in his individual capacity. In allowing these claims to proceed, the Court passes no judgment upon their merits or upon the ultimate outcome of this action.

2. Plaintiff's official-capacity claims against Defendant Horne and claims against the KSP are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted and for seeking damages from Defendants immune from such relief.

3. Because no claims remain against it, the **Clerk of Court** is **DIRECTED** to **terminate Defendant KSP**.

4. The Court will enter a separate Service and Scheduling Order to govern the continuing claims.

Date: August 19, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014